IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Criminal Action |
| | ) | No. 07-03098-01-CR-S-RED |
| | ) | |
| UNEAL DAVIS, | ) | |
| | ) | |
| Defendant. | ) | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b), the above-styled criminal action was referred to the undersigned for preliminary review. This matter comes before the Court on defendant's Motion to Suppress, to which the government has responded.

Defendant asserts that the warrantless search of his vehicle was not justified as a search incident to arrest. A hearing was held before the undersigned on May 2, 2008. Defendant was represented by counsel, Assistant Public Defender Michelle M. Law, and the government was represented by Assistant United States Attorney James J. Kelleher.

Initially, the Court took notice that, in the original Motion to Suppress Evidence, defendant does not dispute the facts as written in the report of Officer Shelby Howard of the Joplin Police Department, who conducted the search in this case.

The government next offered a proffer and stipulations. Stating that there is no dispute that the police report is a fair and accurate depiction of the circumstances of the stop, the government

1

proffered what Officer Howard's testimony would be regarding what was not included in the report, specifically regarding the relative location of the four people involved in the stop. Officer Howard was assisted by another officer, Deputy Hicks of the Joplin Police Department. Defendant was removed from the vehicle, arrested, and taken to Deputy Hicks' vehicle. The other three occupants of the vehicle were taken out of it, and stood outside the vehicle while Officer Howard dealt with the defendant. These individuals were standing outside the vehicle while he conducted the search. The minor, who was one of the three other occupants of the vehicle, was taken into custody after the search.

The government also announced in open Court that it was withdrawing its initial objection to defendant's standing to challenge the search.

Additionally, the government stated that, after reviewing its response, it would also assert that there was probable cause to believe that criminal activity was occurring in the vehicle. Therefore, in addition to conducting a lawful search incident to arrest, the government argues that probable cause would also support the search. It was further noted that none of the three individuals who were present at the scene were in a position to drive the vehicle from the scene. The minor was arrested and taken from the scene, and the other two individuals were intoxicated and left in a taxi because they could not drive.

Defendant agrees that the facts are as stipulated in the officer's report. Defendant also acknowledged that the additional facts presented in the proffer are accurate and are not disputed.

It is defendant's contention that suppression is justified in this case because the warrantless search of the vehicle that defendant was driving was not a proper search incident to arrest and is not reasonable under the Fourth Amendment. He contends that because all the occupants had been

2

secured by police officers prior to the search of the vehicle, the rationale supporting the search incident to the arrest exception to the warrant requirement as it applies to automobiles does not justify the warrantless search of the vehicle defendant was driving.  He relies on a case now pending before the United States Supreme Court in support of his position.  See Arizona v. Gant, 216 Ariz. 1, 162 P.3d 640 (2007), cert. granted in part, 2008 WL 482034 (2008).

It is the government's contention that the search was a lawful search incident to arrest, or alternatively that it was based on probable cause that criminal activity was occurring inside the vehicle.  Regarding Gant, the government seeks to distinguish the instant case because the scene was not secure, given that there were three other individuals seated in the car at the time of defendant's arrest.  It notes that the Arizona Supreme Court recognized that unsecured occupants of a vehicle can present an immediate risk of loss of evidence and an obvious threat to the lone officer's safety, in reliance on New York v. Belton, 453 U.S. 454 (1981).  These factors were not present in Gant's case, but the government argues that they are in the instant case.  Therefore, the government asserts that even if the United States Supreme Court should adopt the views espoused by the Arizona Supreme Court, the instant case has factual distinctions that make the Gant case inapplicable.

Additionally, the government contends that even if the seizure of the firearm were deemed to have occurred pursuant to an illegal search incident to arrest, it would nevertheless have been inevitably discovered when the vehicle was towed from the scene.

"The 'automobile exception' to the warrant requirement of the Fourth Amendment authorizes warrantless searches of automobiles where the officers have probable cause to believe that contraband or evidence of criminal activity is located therein, and where exigent circumstances

3

exist." United States v. Hepperle, 810 F.2d 836, 840 (8th Cir.1987) (citations omitted). Exigent circumstances generally exist when the delay in obtaining a warrant is overruled by the need for immediate action. See United States v. Bozada, 473 F.2d 389, 391 (8th Cir.1973) ("A pressing need for a prompt search must be reasonably apparent.")  The law is clear that the search of defendant's vehicle after his arrest is permissible both as a search of the passenger compartment incident to the arrest, see New York v. Belton, 453 U.S. 454, 460 (1981), and as a more thorough inventory search of the car's contents. United States v. Patterson, 140 F.3d 767, 773 (8th Cir. 1998).  In Belton, the Court held that when the occupant of a vehicle has been lawfully arrested, an officer may search the passenger compartment of the automobile, contemporaneous to that arrest.  453 U.S. at 460.

The uncontested facts of this case are that Officer Howard stopped the vehicle defendant was driving for speeding.  Officer Hicks assisted him during the traffic stop.  Because Officer Howard smelled the odor of marijuana as he approached the vehicle, he asked defendant to exit the vehicle for a pat-down search of his person.  During the pat down, Officer Howard felt a lump in defendant's pocket, which defendant admitted was marijuana.  Officer Howard then arrested defendant, after which he removed the other three occupants from the vehicle and searched them.  Officer Howard observed opened and unopened beer bottles on the rear floorboard, and thereafter arrested a 19-year-old rear seat passenger for being a minor in possession.  The other two occupants also admitted they were drinking, but they were not arrested.  According to the proffer, defendant was removed from the vehicle, arrested, and taken to Deputy Hicks' vehicle. The other three occupants of the vehicle were taken out of it, and stood outside the vehicle while Officer Howard dealt with defendant. These individuals were standing outside the vehicle while he conducted the search. The minor, who was one of the three other occupants of the vehicle, was taken into custody after the search.

4

Having fully reviewed the evidence before it, the Court finds that it must be recommended that defendant's motion to suppress be denied. It is clear that the warrantless search was a lawful search incident to arrest. The evidence indicates that Officer Howard stopped a vehicle driven by defendant for speeding. Officer John Hicks, a deputy with the Jasper County Sheriff's Department, assisted in the stop. Because Officer Howard smelled marijuana emanating from the vehicle as he approached it, he asked defendant to exit the vehicle and conducted a pat-down search. During that search, he found marijuana in defendant's pocket, which defendant acknowledged. Based on defendant's admission, Officer Howard arrested defendant, and took him to Officer Hicks' vehicle, where he remained while the search was being conducted. Officer Howard then removed the other three occupants and searched them. He also saw several unopened bottles of beer and two empty beer bottles on the rear floorboard of the vehicle. A 19-year-old rear-seat passenger was arrested for being a minor in possession of alcohol. The other two individuals were not arrested. All three were standing outside the vehicle while Officer Howard searched the vehicle. In doing so, he found a 9mm handgun in the center console of the vehicle. All the occupants disavowed knowledge of the gun.

Having carefully reviewed the evidence, the Court finds that, after arresting defendant for criminal activity, Officer Howard could lawfully search the passenger compartment of the vehicle incident to defendant's arrest. The law is clear, moreover, that unsecured occupants of a vehicle can present an immediate risk of loss of evidence and an obvious threat to officer safety.

Defendant objects to the instant search in part on the grounds that a vehicular-search case is pending before the United States Supreme Court, which he contends might change the law regarding his case. He asserts that the warrantless search of the vehicle was not necessary to protect

5

the officers or to preserve evidence related to the crime of arrest because all the occupants of the vehicle had been secured by police officers prior to the search of vehicle.

After careful review, however, the Court finds that this case is distinguishable from <u>Gant</u>. There were three unsecured individuals outside the vehicle when Officer Howard conducted the search, all of whom had been drinking, including a minor. Only defendant was placed in a patrol car. There were only two officers on the scene. Given that the unsecured occupants could present a risk of lost of evidence and a threat to the officers' safety, the Court finds that the facts of this case are sufficiently distinguishable from <u>Gant</u>, and that the law as it now stands is applicable to this case.

Under the totality of the circumstances in this case, the Court finds that Officer Howard conducted a legal search of passenger compartment of the vehicle incident to defendant's arrest. Further, given the fact of the possession of a controlled substance by defendant and the fact that the smell of marijuana was emanating from the vehicle at the time the officers approached it, there was probable cause of criminal activity in the vehicle to support a search of it.[1] Accordingly, it must be recommended that defendant's Motion to Suppress be denied.

For the foregoing reasons, it will be

RECOMMENDED that defendant's Motion to Suppress be denied.

/s/ James C. England<br>
JAMES C. ENGLAND, CHIEF<br>
UNITED STATES MAGISTRATE JUDGE

DATE:     5/29/08

---

[1] Based on the recommendation herein, it is not necessary to address the government's additional, alternative contention that the firearm would have been inevitably discovered after the car was towed from the scene.